ORIGINAL
C/M - D&F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PHILIP CAMPISI,

Plaintiff,

-against-

SWISSPORT CARGO SERVICES, LP and ORLANDO SARGEANT,

Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-1507 (FB) (JMA)

*Appearances:*
*For the Plaintiff:*
JAMES S. MCCARTHY, ESQ.
Law Offices of Daniel P. Buttafuoco & Associates PLLC
144 Woodbury Road
Woodbury, New York 11797

*For the Defendants:*
ROBERTA MIRANDA, ESQ.
Mendes & Mount LLP
750 Seventh Avenue
New York, New York 10019

**BLOCK, Senior District Judge:**

Plaintiff Philip Campisi ("Campisi") filed this action in state court alleging negligence claims against defendants Swissport Cargo Services ("Swissport") and Orlando Sargeant ("Sargeant"). Swissport removed the case to the Eastern District. Campisi now moves to remand; Swissport cross-moves to drop Sargeant from the complaint. *See* Fed. R. Civ. P. 21 ("[o]n motion . . . the court may at any time . . . drop a party."). For the reasons set forth herein, Campisi's motion is granted and Swissport's motion is denied.

I

According to the complaint, Swissport operates Cargo Building 21 at John F. Kennedy International Airport ("JFK"). Sargeant is a Swissport employee. On November

24, 2008, Campisi was within Cargo Building 21 when he fell over a scale placed on the floor. He sustained "serious permanent injuries" due to his fall. *See* Verified Compl., Docket Entry No. 1 at 7-10.

In March 2009, Campisi filed suit against Swissport and Sargeant in the New York Supreme Court, Queens County. With respect to Sargeant, the Complaint alleges that: (1) Sargeant was an employee of Swissport at the time of Campisi's accident; (2) Sargeant, along with Swissport, "negligently place[d] and or position[ed]" the scale over which Campisi fell; (3) Sargeant, along with Swissport, "caused and/or created and/or allowed and/or permitted" this dangerous condition to exist; and (4) Sargeant, along with Swissport, was "responsible for the conditions at the aforementioned premises." Verified Compl. at ¶¶ 18, 21-24.

Swissport, a limited partnership organized under California law with its principal place of business in Virginia, removed the action under the Court's diversity jurisdiction, and alleges that the amount in controversy exceeds $75,000.00. *See* Notice of Removal, Docket Entry No. 1 at 2, ¶ 4. Campisi did not allege an amount in controversy. *See* Verified Compl. at 4.

There is not complete diversity is lacking because of Sargeant's New York citizenship. Swissport believes that Sargeant was fraudulently joined, however, and claims that Sargeant: (1) "is one of Swissport's Station Managers" at JFK; (2) "has no real relationship" to Campisi's claims; (3) "was not in Cargo Building 21" when Campisi suffered injuries; (4) is *per se* not liable under the law of New York; (5) "did not place nor position the scale" over which Campisi fell; and (6) Sargeant was wrongfully and

fraudulently joined for the sole purpose of defeating federal diversity jurisdiction. *See* Notice of Removal at ¶¶ 5-6.

Campisi now moves to remand to state court; Swissport cross-moves to drop Sargeant from the action under Rule 21 of the Federal Rules of Civil Procedure. The parties have submitted competing affidavits in connection with their motions. Sargeant attests that he has never met Campisi, was neither on duty nor present when Campisi was present, he was neither working nor present at Cargo Building 21 when Campisi was injured, did not "personally place" or have any role in placing the scale over which Campisi fell, and does not know who made the placement decision. *See* Sargeant Aff. at ¶¶ 3-5, Docket Entry No. 11-3. Campisi concedes that he does not personally know Sargeant, but believes that Sargeant is the manager of Cargo Building 21, that Sargeant decided where to place the scale; further, when Campisi asked for a copy of an accident report immediately following his fall, he was told by an unnamed Swissport supervisor that Sargeant would have it for him at some later time. *See* Campisi Aff. at ¶ 7, Docket Entry No. 11-3.

II

**A. Applicable Law**

Diversity jurisdiction under 28 U.S.C. Section 1332 does not exist without "complete diversity," which means that no defendant can be from the same state as any plaintiff. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)). Under the doctrine of fraudulent joinder, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely

joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). To show that a party has been fraudulently joined:

> [T]he defendant must demonstrate, by clear and convincing evidence, either that there has been [1] outright fraud committed in the plaintiff's pleadings, or [2] that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff.

*Id.* at 461. All uncertainties in applicable state law are resolved in favor of the plaintiff, and the complaint is subjected to "less searching scrutiny than on a motion to dismiss for failure to state a claim." *Intershoe, Inc. v. Filantro SPA*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000). Further, the Court is not limited to the bare bones of the Complaint; it "has discretion to [look outside the pleadings] when determining whether it has subject matter jurisdiction." *Bldg. & Constr. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Development, Inc.*, 448 F.3d 138, 150 (2d Cir. 2006).

**B. Fraud in the Pleadings**

Swissport asserts that Campisi's allegations against Sargeant are "false." Def.'s Mem. of Law at 4, Docket Entry No. 11-2. This serious accusation does not withstand scrutiny. Sargeant concedes that he is employed by Swissport as a "Station Manager." Tellingly, Sargeant does not deny that he is the manager of Cargo Building 21, nor does Sargeant contest Campisi's statement that he was informed that Sargeant would be preparing a report concerning the incident of November 24, 2008. Swissport focuses

instead on a statement made by Campisi's counsel that Sargeant "was physically present at the time of [Campisi]'s accident," McCarthy Aff. at ¶ 2, Docket Entry No. 11; Swissport contends that this assertion is "inexplicable." Def. Mem. of Law at 4. Swissport and Sargeant fail to note that this statement by Campisi's counsel is not inconsistent with Campisi's allegation; Campisi merely states a belief that Sargeant was present on the date of his injury. *See* Campisi Aff. ¶ 7. This is a disputed fact.

The Court is bound to resolve these factual disputes in Campisi's favor. Swissport falls well short of adducing "clear and convincing evidence" that Campisi's allegations with respect to Sargeant are "false" or amount to an outright fraud.

**C. No Possibility Of Recovery Against Sargeant**

Swissport and Sargeant also contend that there is no basis under New York law to hold Sargeant liable to Campisi. According to Swissport, employees are not liable for acts of nonfeasance, but only for affirmative acts of negligence or other wrongdoing. *See Greco v. Levy*, 282 N.Y. 575 (1939)). *Greco* makes clear that acts of nonfeasance by Sargeant are insufficient to establish liability to Campisi in negligence. *Greco*, 282 N.Y. at 576; *see also Pelton v. 77 Park Avenue Condominium*, 825 N.Y.S.2d 28, 36 (1st Dep't 2006) (referring to *Greco* rule as "established rule of law").

Thus the inquiry is whether Campisi has alleged any facts pointing to an affirmative act of negligence by Sargeant. The Court need not look beyond the Complaint to determine that he has. The Complaint states: "[P]rior to [Campisi]'s fall, the defendants did negligently place and/or position a scale on the floor in an area which created a dangerous condition and caused the plaintiff to fall and sustain serious personal injuries."

Compl. ¶ 21. Thus, Campisi alleges that Sargeant played a role in creating the condition that led to his injuries. That is more than mere nonfeasance.

Swissport thus falls well short of establishing that Sargeant was fraudulently joined to this action. Sargeant's presence destroys complete diversity and prevents the Court from exercising jurisdiction. Accordingly, Campisi's motion to remand must be granted, and Swissport's motion to drop Sargeant from the action denied.

**D. Fees and Costs**

Campisi seeks an order of costs to be taxed against Swissport for having removed the case. After careful consideration, the Court finds that an order of costs is not appropriate in this case. Campisi's allegations in the complaint, though sufficient to bring Sargeant into the case, are sparing. Swissport's basis to remove the case was not so unworthy of credence as to be considered frivolous.

**III**

Swissport and Sargeant's motion to drop Sargeant from the action is denied. Campisi's motion to remand is granted. The matter is remanded to the New York Supreme Court, Queens County.

**SO ORDERED.**

s/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 22, 2010